NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIC HINES, | : | |
| Plaintiff, | : | Civil Action No. 14-359 (JLL) |
| v. | : | OPINION |
| GARY M. LANIGAN, et al., | : | |
| Defendants. | : | |

**LINARES**, District Judge:

This matter comes before the Court on Plaintiff's motion for a temporary restraining order and preliminary injunction requesting that prison officials be ordered to accord him greater aid in pursuing his legal claims. (ECF No. 15). Because Plaintiff cannot show that his legal access claim is likely to succeed on the merits, this Court will deny the motion. The Court will grant, however, Plaintiff's request for leave to amend his complaint within sixty days.

## I. BACKGROUND

Plaintiff, Eric Hines, is a convicted prisoner currently confined at East Jersey State Prison. On January 13, 2014, Plaintiff filed a complaint against numerous prison officials including corrections officers, investigatory officers, and their supervisors pursuant to 42 U.S.C. § 1983. (ECF No. 1). On April 21, 2015, this Court issued an order dismissing all of his claims save one: a claim for First Amendment retaliation against a John Doe S.I.D. officer who allegedly threatened Plaintiff in response to Plaintiff's filing of a complaint against a corrections officer at the prison. (ECF No. 11, 12). Plaintiff now seeks injunctive relief directing prison personnel to accord him

greater support in making his legal claims, effectively claiming that he has been denied access to the courts by his current situation. (ECF No. 15 at 1-7).

Plaintiff is apparently currently housed in the prison's medical tier as a result of medical issues with both his feet and spine which cause Plaintiff pain and makes it difficult for him to walk. (*Id.* at 2-5). As a result of his medical conditions, Plaintiff has been prescribed a walker and is unable to walk without it. (*Id.* at 5). Plaintiff asserts that, as a result of this medical condition, he is unable to visit the law library of the prison himself, and has instead been forced to request aid from the supervisor of the law library, Rick List. (*Id.* at 3-4). Plaintiff states that he made a request for aid through the prison's remedy system, after which he was visited by a paralegal who instructed him that to receive materials from the library, Plaintiff would have to identify which cases or books he needed. (*Id.*). Plaintiff, however, insisted that he would be unable to provide that information without first being given access to research tools. (*Id.*).

After finding the response of List and the paralegal unhelpful, Plaintiff filed another request with Diane Patrick, the supervisor of education at the prison who is apparently List's supervisor. (*Id.* at 4). Patrick, however, referred the issue back to List. (*Id.*). Plaintiff asserts that, after his remedy requests were made, he has still not been provided with adequate aid in his cell by a paralegal, including research support, and as a result has been denied meaningful access to the courts by List and Patrick (who are not currently defendants in this matter). (*Id.* at 5-6). Plaintiff therefore requests that this Court grant him a preliminary injunction and temporary restraining order compelling List and Patrick to provide him with "meaningful access" to the law library. (*Id.* at 6-7).

## II. DISCUSSION

### A. Legal Standard

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson – Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). In order to establish that he is entitled to extraordinary relief in the form of a preliminary injunction or temporary restraining order, Plaintiff must

> demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *see also Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A plaintiff must establish that all four factors favor preliminary relief. *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187 (3d Cir. 1990).

*Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012). Plaintiff, as the party seeking a preliminary injunction, must first demonstrate a "reasonable probability of eventual success in the litigation." *Bennington Foods, LLC v. St. Croix Renaissance Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008). To satisfy this requirement, "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt, rather, the burden is on the party seeking relief to make a prima facie case showing a reasonable probability that it will prevail on the merits." *Ward*, 2012 WL 2341499 at *2 (quoting *Oburn v. Sapp*, 521 F.2d 142, 148 (3d Cir. 1975)).

### B. Analysis

Plaintiff's request for injunctive relief arises out of his newly asserted claim that he has been unconstitutionally denied access to the courts. The right of access to courts under the First and Fourteenth Amendments requires that

3

> "adequate, effective, and meaningful" access must be provided [to] inmates who wish to challenge their criminal charge, conviction, or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In other words, prison officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." *Id.* at 825. "'[T]he touchstone . . . is meaningful access to the courts.'" *Peterkin v. Jeffes*, 855 F.2d 1021, 1037 (3d Cir. 1988) (*quoting Bounds*, 430 U.S. at 823) (internal quotations omitted).
>
> In *Bounds*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts, however, is not unlimited. "The tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (emphasis in original).

*Cooper v. Sharp*, No. 10-5245, 2011 WL 1045234, at *11-12 (D.N.J. Mar. 23, 2011).

In order to bring a denial of access claim, however, the prisoner must show that he suffered a past or imminent "actual injury." *Id* at *12; *Lewis*, 518 U.S. at 348-51, 354-55. Such an injury occurs where a plaintiff "has lost the opportunity to pursue a 'nonfrivolous' or 'arguable' underlying claim." *Aultman v. Comm. Educ. Cntrs. Inc.*, --- F. App'x ---, 2015 WL 1475861, at *2 (3d Cir. April 2, 2015). The Court has also suggested that such an injury occurs where "a complaint [Plaintiff] prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." *Lewis*,

4

518 U.S. at 351.

In his motion for a preliminary injunction, Plaintiff does no more than suggest that he may suffer some form of injury if he does not have better support in filing an amended complaint. He does not detail what claims he wishes to make, nor how his difficulties have stymied his ability to make those claims. Plaintiff has, however, been able to file both his initial complaint and the instant motion, which he supported with case law citations. This Court also notes that those claims which were dismissed during *sua sponte* screening were not dismissed on some technicality of which Plaintiff could not have been aware, but rather because they were either not cognizable as a matter of law (Plaintiff's *respondeat superior* claims) or were not supported by adequate facts. (*See generally* ECF No. 11). As Plaintiff's issues in this case have been mostly factual, the dismissals of his claims during screening do not amount to an actual injury, especially in light of Plaintiff's ability to amend or supplement his complaint. Because Plaintiff does not suggest, let alone demonstrate, that he has lost some other cause of action or suffered any other form of actual injury, he has not even pled a prima facie case of denial of access, and as such cannot show a reasonable probability of success on the merits. *Ward*, 2012 WL 2341499 at *2. As Plaintiff has failed to make this initial showing, his motion for injunctive relief must be denied. *Id.* Because this determination is dispositive of Plaintiff's motion for injunctive relief, this Court will not address the remaining factors under *Maldonado*, 157 F.3d at 184, or *Ballas*, 41 F. Supp. 2d at 537.

**C. Plaintiff's additional request for leave to amend and to compel certain documents from the State**

In his motion Plaintiff also requests that this Court grant him leave to amend or supplement his complaint within sixty days. Because Plaintiff has not yet served his complaint and this Court perceives nothing in the interests of justice that would require otherwise, he may amend it as a matter of course. *See* Fed. R. Civ. P. 15(a), (d). The Court will therefore grant Plaintiff's request for leave to amend his complaint within sixty days. To the extent that Plaintiff wishes to make certain discovery motions, such as a motion to compel discovery from the State of New Jersey regarding the identity of the John Doe Defendant, such motions should be directed to the attention of the Magistrate Judge assigned to this case.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for a preliminary injunction and/or temporary restraining order is DENIED. Plaintiff's request for leave to amend his complaint within sixty days, however, is GRANTED. Plaintiff's motion to compel the State to produce certain documents is DENIED without prejudice at this time. An appropriate order follows.

s/ Jose L. Linares
Hon. Jose L. Linares, U.S.D.J.